IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39149-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| TIMOTHY EDWARD NATION, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Timothy Nation appeals the trial court's imposition of a victim penalty assessment (VPA) and DNA collection fee due to recent legislation. The State concedes. We accept the State's concession and remand for the sentencing court to strike both legal financial obligations (LFOs) from Mr. Nation's judgment and sentence.

FACTS

A jury convicted Timothy Nation of custodial assault. During sentencing, defense counsel asked the trial court to waive all discretionary fines because Mr. Nation was disabled and received disability payments as income. The court agreed, but noted that there were mandatory fines that could not be waived. As a result, the court imposed a mandatory $500 VPA and a mandatory $100 DNA collection fee. Mr. Nation timely appealed.

ANALYSIS

Mr. Nation contends the VPA and the DNA collection fees must be struck from his judgment and sentence due to changes in the law. The State concedes. We accept the State's concession.

*VPA*

Under former RCW 7.68.035(1)(a) (2018), the sentencing court was required to impose a VPA on any individual found guilty of a crime. Effective July 1, 2023, the legislature amended RCW 7.68.035 to preclude superior courts from imposing a VPA on a defendant who, at the time of sentencing, is found to be indigent as defined in RCW 10.01.160(3). *See* LAWS OF 2023, ch. 449, § 1(4). Statutory amendments related to LFOs imposed upon conviction generally apply to all cases pending on direct appeal that are not yet final. *See*, *e.g.*, *State v. Wemhoff*, 24 Wn. App. 2d 198, 201-02, 519 P.3d 297 (2022); *State v. Ramirez*, 191 Wn.2d 732, 749, 426 P.3d 714 (2018).

Mr. Nation's case is pending on direct appeal and is not yet final. And although the sentencing court did not check the indigency box on Mr. Nation's judgment and sentence, it seemed to have found him to be indigent based on its decision to impose only mandatory LFOs. Therefore, the amended statute applies, and we direct the sentencing court to strike the VPA from his judgment and sentence.

No. 39149-3-III
*State v. Nation*

*DNA collection fee*

Similarly, under former RCW 43.43.7541 (2018), the sentencing court was required to impose a DNA collection fee of $100 for every sentence imposed for the crimes specified in RCW 43.43.754. Effective July 1, 2023, the legislature amended RCW 43.43.7541 by removing language that authorized imposition of the DNA collection fee. *See* LAWS OF 2023, ch. 449, § 4. Again, the new statute applies to Mr. Nation's case because it is pending on direct appeal. We therefore direct the sentencing court to strike the DNA collection fee from his judgment and sentence.

Affirmed, but remanded to strike the VPA and DNA collection fees.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____        _____
Fearing, C.J.                                              Staab, J.

3